

# KEN PAXTON
### ATTORNEY GENERAL OF TEXAS

February 15, 2018

The Honorable James M. Tirey
Hale County Attorney
500 Broadway, Suite 340
Plainview, Texas 79072

Opinion No. KP-0181

Re: Authority under article III, section 52(a) of the Texas Constitution of a Type-A general-law municipality to expend funds or resources on various tasks related to events sponsored by the area chamber of commerce, such as Christmas on the Plaza and Petersburg Days (RQ-0174-KP)

Dear Mr. Tirey:

On behalf of the City of Petersburg, you ask several questions about the authority of a Type-A general-law municipality to allow the use of city resources for various tasks related to events sponsored by the chamber of commerce.[1] You tell us the City of Petersburg (the "City") is a Type-A general-law city with a population of 1,202. *See* Request Letter at 2, Exhibit A at 1. You also tell us that the Petersburg Area Chamber of Commerce (the "Chamber") is a nonprofit organization that promotes the Petersburg community, including sponsoring events such as "Christmas on the Plaza" and "Petersburg Days." Request Letter at 2. You tell us that the Chamber describes the Christmas on the Plaza event as "an evening of holiday fun and shopping" in the storefronts and on Main Street, and includes a visit from Santa.[2] *Id.* You also tell us that Petersburg Day "involves a parade, vendors, a barbeque cook-off, and a motorcycle 'fun run'" and according to the Chamber, draws former residents back to the community for class and family reunions and constitutes "one of the best ways to promote our community." *Id.* In connection with these events, the Chamber asks the City for the use of its employees, equipment, and supplies, as well as facilities and property. *See* Exhibit A at 1. You question whether article III, section 52(a) of the Texas Constitution authorizes the City to allow the use of its employees, equipment and supplies, and facilities and property for this private purpose. *See* Request Letter at 1–2.

---

[1]*See* Letter and attached Exhibit A from Honorable James M. Tirey, Hale Cty. Att'y, to Honorable Ken Paxton, Tex. Att'y Gen. at 1–2 (Aug. 10, 2017), https://texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter" & "Exhibit A" respectively).

[2]In the event the City provides funds for a Christmas display, if the display includes a religious aspect we refer the City to Attorney General Opinion KP-0116, addressing a display's compliance with the United States Supreme Court's Establishment Clause jurisprudence. *See* Tex. Att'y Gen. Op. No. KP-0116 (2016) at 3–4 (discussing Supreme Court jurisprudence regarding Christmas displays and decorations).

Article III, section 52(a) of the Texas Constitution provides:

> Except as otherwise provided by this section, the Legislature shall have no power to authorize any county, city, town or other political corporation or subdivision of the State to lend its credit or to grant public money or thing of value in aid of, or to any individual, association or corporation whatsoever . . . .

TEX. CONST. art. III. § 52(a). The purpose of this provision is "to prevent the gratuitous grant of [public] funds to any individual, corporation, or purpose whatsoever." *Byrd v. City of Dallas*, 6 S.W.2d 738, 740 (Tex. 1928). Spending public funds for a legitimate public purpose to obtain a clear public benefit is not an unconstitutional grant of public funds. *See Edgewood Indep. Sch. Dist. v. Meno*, 917 S.W.2d 717, 740 (Tex. 1995). Further, an expenditure to directly accomplish a legitimate public purpose is constitutional even though it may incidentally benefit a private interest. *See id.*

The Texas Supreme Court articulated a three-part test to determine whether an expenditure of public funds or use of other public resources satisfies article III, section 52(a). *See Tex. Mun. League Intergov'tl Risk Pool v. Tex. Workers' Comp. Comm'n*, 74 S.W.3d 377, 384 (Tex. 2002); *see also* Tex. Att'y Gen. Op. Nos. JC-0113 (1999) (considering a school district's use of school district funds, personnel, and property to raise funds for charitable organization); JM-431 (1986) (considering whether the use of county personnel for private purposes violated article III, section 52(a)); MW-89 (1979) (determining that school district policy allowing teachers to work for professional associations while receiving salaries from school district is unconstitutional). The public entity making the expenditure or authorizing the use of its other resources must: (1) ensure that the transfer is to "accomplish a public purpose, not to benefit private parties; (2) retain public control over the funds to ensure that the public purpose is accomplished and to protect the public's investment; and (3) ensure that the political subdivision receives a return benefit." *Tex. Mun. League Intergov'tl Risk Pool*, 74 S.W.3d at 384.

Regarding the first prong, general-law municipalities may exercise only that power specifically conferred on them by statute or the constitution. *Town of Lakewood Vill. v. Bizios*, 493 S.W.3d 527, 531 (Tex. 2016). Generally, all municipalities may govern "for the good government, peace, or order of the municipality or for the trade and commerce of the municipality." TEX. LOC. GOV'T CODE § 51.001(1); *see also id.* § 51.015(b) ("The governing body of the municipality may manage and control the property belonging to the municipality."). Additionally, a Type-A general-law municipality has that governance power "necessary for the government, interest, welfare, or good order of the municipality." *Id.* § 51.012. To the extent a municipal expenditure or use of resources serves one of the municipality's powers or functions, it serves the public purpose of the municipality. *See State ex rel. Grimes Cty. Taxpayers Ass'n v. Tex. Mun. Power Agency*, 565 S.W.2d 258, 265 (Tex. Civ. App.—Houston [1st Dist.] 1978, writ dism'd) (stating that to satisfy the public purpose test for a particular governmental entity, "[t]he purpose for which the . . . payment . . . was made must be within the powers of the entity . . . making the payment"); Tex. Att'y Gen. Op. No. KP-0035 (2015) at 3 ("[M]unicipalities may expend or transfer municipal funds or property only to serve public purposes that are within the municipality's powers, not merely to benefit the public in general."). Community events such as

the ones you raise may arguably serve the public purpose of improving the trade and commerce of the municipality.

With regard to the second prong, a public entity may retain public control over the use of its resources by entering into an agreement or contract that imposes an obligation on the recipient to perform a function benefitting the public. *See* Tex. Att'y Gen. Op. No. KP-0104 (2016) at 2. The same contract can also serve to satisfy the third prong by imposing safeguards to ensure the public entity receives a return benefit. *See id.*

Determining whether a particular expenditure or use of public resources satisfies the three-part test is for the city council in the first instance and subject to judicial review for abuse of discretion. *See* Tex. Att'y Gen. Op. Nos. KP-0104 (2016) at 2, GA-0078 (2003) at 4, JM-1255 (1990) at 3. Accordingly, we cannot conclude as a matter of law that the use of City employees, equipment and supplies, and facilities and property by the Chamber for the community events is unconstitutional. Yet, should the city council find that the use of city resources for the Chamber's events serve a public purpose of the municipality, article III, section 52(a) authorizes the use of resources in this way. *See* Tex. Att'y Gen. Op. No. KP-0007 (2015) at 3.

You also ask whether article III, section 52(a) is the controlling law for your questions or whether there are other relevant constitutional provisions that apply. *See* Request Letter at 2. Aside from article III, section 51, which provides that "[t]he legislature shall have no power to make any grant or authorize the making of any grant of public moneys to any individual, association of individuals, municipal or other corporations whatsoever," and for which compliance is determined by the same three-part test, we are unaware of other constitutional provisions that would apply to the use of public resources about which you ask. TEX. CONST. art. III, § 51; *see Edgewood Indep. Sch. Dist.*, 917 S.W.2d at 739–40.

## S U M M A R Y

Article III, section 52(a) of the Texas Constitution prohibits the gratuitous payment of public funds for a private purpose. Because the determination whether a particular expenditure or use of public resources is gratuitous is, in the first instance, for the city council subject to judicial review for abuse of discretion, we cannot determine as a matter of law that the use of city resources in these circumstances is constitutional.

Upon a finding by the city council that the Chamber's use of city resources serves a public purpose of the municipality and that sufficient controls exist to ensure the public purpose is carried out and a return benefit is received, article III, section 52(a) authorizes the use of city resources for these purposes.

Very truly yours,

KEN PAXTON
Attorney General of Texas


JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

CHARLOTTE M. HARPER
Assistant Attorney General, Opinion Committee